```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HARWINDER VILKHU,
                          Plaintiff,                            **MEMORANDUM**
                                                                **AND ORDER**
           - against -
                                                                CV 06-2095 (CPS) (JO)
CITY OF NEW YORK, et al.,
                          Defendants.
------------------------------------------------------------X
```

**JAMES ORENSTEIN, Magistrate Judge:**

By letter motion dated June 13, 2007, the defendants made three separate complaints about the plaintiff's production of discovery. Docket Entry ("DE") 85. The plaintiff also filed a letter-motion seeking discovery relief on the same date. DE 86. At my direction, each side responded to its adversary's motion on June 14, 2007. *See* Order dated June 14, 2007 (requiring responses); DE 87 (defendants' response to plaintiff's motion); DE 88 (plaintiff's response to defendants' motion). I now resolve each motion as discussed below.

    A.    <u>The Defendants' Motion</u>

        1.    <u>Rule 35 Examination</u>

After hearing extensive argument on the subject, I ordered plaintiff Vilkhu to submit to a physical examination pursuant to Rule 35 of the Federal Rules of Civil Procedure. DE 83 ¶ 1. I based that decision in part on the fact that the plaintiff was then – as he had been throughout these proceedings – asserting a claim for damages based in part on his allegedly continuing physical ailments, which he asserted had been caused by the defendants' misconduct. The plaintiff now disavows an intention to seek such damages. DE 88 at 1-2. I nevertheless adhere to my ruling. An examination of the plaintiff's current physical condition will shed light, one way or another, on his remaining claims about past harms. More generally, to the extent the

plaintiff has testified under oath in this case to such continuing physical consequences of the incident at issue, a physical examination will either bolster or undermine his credibility as a witness. Indeed, although the plaintiff now says he will not ask a jury to award him damages for any current physical harm, he has not committed to staying silent on the matter for purposes of establishing liability or for purposes of attempting to persuade the jury of the veracity of his claims about past harms. Under such circumstances, regardless of the evidentiary rulings that the trial court may later make, a physical examination does seem reasonably calculated to lead to the discovery of admissible evidence. I therefore grant this prong of the defendants' motion and adhere in all respects to my ruling of June 6, 2007, regarding the examination.

2. Translation Of The Plaintiff's Deposition

In my ruling of June 6, 2007, I ordered as follows: "no later than June 14, 2007, the defendants will provide to the plaintiff a copy of the video recording of the deposition. The plaintiff will then, by a deadline to which the parties will agree, notify the defendants of any perceived inaccuracy in the translation." DE 83 ¶ 4. The parties – lamentably, but hardly surprisingly at this point – have not agreed to such a deadline. In the absence of any agreement, I will follow the prescription of Rule 30(e) of the Federal Rules of Civil Procedure which, if not precisely applicable, is sufficiently analogous to warrant application here. Fed. R. Civ. P. 30(e) (allowing a party "30 days after being notified ... that the transcript or recording is available ... to review the transcript or recording"). The defendants having provided the recording on June 8, 2007, the plaintiff must notify the defendants of any perceived inaccuracies by July 8, 2007. I will adhere to the same principle with respect to the video recording and the transcript of the

second day of the plaintiff's deposition which, apparently, the defendants have yet to provide. *See* DE 85 at 3; DE 88 at 2. Accordingly, I deny this second prong of the defendants' motion.

3. Costs Of Continued Deposition

On January 24, 2007, I wrote the following regarding the plaintiff's application to compel defendant Hoehl to appear for a continued deposition so as to answer questions his counsel had initially directed him not to answer:

> The questions Vilkhu sought to ask were appropriate, but subjecting the witness to unfair surprise was not. The problem is one that the parties could easily and quickly have resolved at the time of the deposition – either with my assistance or, preferably, without it – if counsel on both sides had simply adhered to the mandate of Local Civil Rule 26.5 .... Instead, resolving the dispute will necessarily impose greater burdens on both parties. Under the circumstances, I believe it is fair to require Hoehl to appear for a continuation of his deposition to answer the questions that his counsel would not let him answer before, but it is also fair for Vilkhu to pay all of the costs associated with that continuation. I trust that the attorneys on both sides will now appreciate the importance of conferring in good faith to ensure that the costs and other burdens arising from this resolution will be kept to a minimum.

DE 48 at 6-7.

The defendants now assert that, as part of the payment of "costs associated with that continuation" of the deposition, the plaintiff should reimburse the City of New York $375 in attorney's fees, representing the estimated cost of preparing defendant Hoehl for his continued testimony. DE 85 at 3. Rather than wade into an extended analysis of the semantic question whether the reference to "costs" necessarily covers both fees and other litigation expenses,[1] I will

---

[1] As a general rule, the fee-shifting statutes and rules with which I am familiar either characterize legal fees and other litigation costs as distinct concepts or describe "costs" as a subset of fees rather than the reverse. *See, e.g.*, Fed. R. Civ. P. 37(a)(4)(A) (referring to "reasonable expenses ... including attorney's fees"); 42 U.S.C. § 12205 (providing for the award to a prevailing party in certain cases "a reasonable attorney's fee, including litigation expenses, and costs"). Thus, although my order could undoubtedly have been clearer in this regard, I generally do not use

simply remind the parties of two related aspects of my original ruling. First, the ruling became necessary because of the unreasonable conduct of both parties' counsel at Hoehl's original deposition, and as a result I recognized that "resolving the dispute will necessarily impose greater burdens on both parties." DE 48 at 6. Second, the problem was not the content of the questions that Hoehl was asked to answer, but rather the lack of notice that he would have to answer them. *Id*. From these two observations, it should be clear that while the burdens of having to appear a second time to answer the questions should properly be borne by the plaintiff, there would be no reason to shift to the plaintiff the burdens associated with preparing Hoehl to provide those answers at some point in the litigation. In terms of the motion now before me, that means that the plaintiff should pay all of the costs actually associated with the second appearance itself, but not the attorney's fees associated with the witness's preparation in advance of that appearance. For that reason, I deny this third prong of the defendants' motion.

B. The Plaintiff's Motion

The plaintiff seeks to compel the production of certain documents relating to summonses that were issued by non-party police officers to non-party individuals at the "York College incident" that is at issue in this lawsuit. *See* DE 86. The plaintiff does not seek all of the information in those documents, and in particular is content to have the defendants redact names and other individual identifiers. What he seeks to compel, and what the defendants resist

---

"costs" to include legal fees without making that intention explicit, and do not believe I intended to do otherwise in this case – a proposition bolstered by the distinction between the reference to "costs" alone in the sentence that the defendants seek to enforce and the broader reference to "costs and other burdens" in the order's final sentence. In any event, to avoid what would undoubtedly develop into further litigation on the question of what I said, when I said it, and what I must have meant, my ruling on the instant motion is emphatically not based on such a fine parsing of the word "costs."

4

providing, is the portion of the documents that reveal the race, ethnicity, and gender of the persons receiving the summonses. The parties' arguments in this regard reveal a disagreement only as to the application of the familiar standard of discoverability under Rule 26, and do not warrant extensive discussion. Under the circumstances of this case I find that the information the plaintiff seeks easily meets that standard and that the defendants' arguments in opposition are entirely unpersuasive. I therefore grant the plaintiff's motion to compel and direct the defendants to provide the requested information no later than June 22, 2007.

* * * *

For the reasons set forth above I grant the defendants' motion to compel the plaintiff to submit to a physical examination pursuant to Rule 35 and according to the terms specified in my order of June 6, 2007, DE 83; deny the defendants' motion for relief with respect to the translation of the plaintiff's deposition, and instead assume that the plaintiff will provide such translation within the time permitted under Rule 30(e) of the Federal Rules of Civil Procedure; deny the defendants' motion for the reimbursement of attorney's fees incurred in connection with the continuation of Sergeant Hoehl's deposition; and grant the plaintiff's motion to compel the production of certain documents in a form that does not redact information about the race, ethnicity, or gender of persons who were issued summonses on May 8, 2005, to be produced no later than June 22, 2007.

**SO ORDERED.**

Dated: Brooklyn, New York
June 15, 2007

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge