```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
```
HARWINDER VILKHU,
                        Plaintiff,

           - against -

THE CITY OF NEW YORK, et al.,
                        Defendants.
```
----------------------------------------------------------X
```

**ORDER**

CV 06-2095 (CPS) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

      The defendants have requested a stay of my order of July 1, 2008, requiring them to disclose to the plaintiff the transcripts of prior testimony by their proposed expert witness, Dr. Davis. Although I would normally grant such a stay as a matter of course to permit the orderly review, pursuant to Rule 72, of a ruling that I had made, in the unusual circumstances of this case I decline to do so.

      First, the defendants seek a stay to preserve the status quo pending an argument on appeal that I abused my discretion in ordering them to disclose certain transcripts pursuant to Rule 26. However, the ruling that the defendants challenge was in fact made pursuant to my broader authority under Rule 37 to provide a fair remedy to a previously established violation of the defendants' obligation to provide expert disclosures under Rule 26. Since the defendants challenge my ruling on the basis of a mistaken understanding of the authority I exercised, a ruling on appeal that I lack the authority under Rule 26 to order the disclosure of transcripts would not constitute a determination that the order I actually issued was clearly erroneous or contrary to law. As a result, a stay would do nothing to vindicate any of the defendants' legitimate interests.

      Second, to the extent that the defendants' counsel was laboring under the misapprehension that I was purporting to act pursuant to Rule 26 when I made my ruling at the

hearing on July 1, 2008, he had a full opportunity at that time to raise the argument that he now makes on appeal. He did not do so. The defendants having decided not to make, in advance of my ruling, the argument on which they now rely in seeking to have declared contrary to law, fairness does not require that they gain the benefit of a stay. Had the defendants raised their current argument in a timely manner, the record would more plainly have mooted the appeal they now litigate by virtue of my explicit disclaimer of authority to order the production of transcripts under Rule 26.

Finally, the defendants were and remain in the best position to assure that Dr. Davis, if allowed to testify at all, can be fairly cross-examined on the basis of his past testimony. With the trial date less than two weeks away as of July 1, 2008, and with the defendants having not yet produced the information about Dr. Davis's past testimony required under Rule 26, I concluded that the defendants had effectively deprived the plaintiff of a fair opportunity to secure the transcripts of such past testimony on his own. I therefore concluded at that time – and adhere to that view now – that the only fair basis on which to allow the defendants to present Dr. Davis's testimony is pursuant to an order requiring the defendants produce the transcripts themselves. While such a result imposes an onerous burden on the defendants that they would not have had if they had discharged their discovery obligations in a timely (or even slightly belated) fashion, I concluded that it would be far preferable to the only other fair result, which would be to exclude Dr. Davis's testimony entirely.

If the defendants continue to be unable or unwilling to comply with my order, the district judge presiding over this case will decide whether the latter result is a fair way to ensure that the defendants bear the burden of their intransigence rather than shifting that burden to the plaintiff.

2

While the latter decision is currently before Judge Sifton, the question of whether to continue to require the defendants to produce the transcripts in the interim remains before me. For the reasons set forth above, I decline to exercise my authority to stay my order of July 1, 2008.

**SO ORDERED.**

Dated: Brooklyn, New York
July 8, 2008

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge